# SAMUEL B. COHEN

WWW.SAMCOHENLAW.COM

## ATTORNEY & COUNSELOR AT LAW

494 8TH AVE. STE. 1000
NEW YORK, NY 10001
T/F(212) 537-5919
Sam@SamCohenLaw.com

December 5, 2016

**VIA ECF**

Hon. Gabriel W. Gorenstein
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> Re:   *Roper et ano.* v. *The City of New York, et al.* – 15cv8899 (PAE)(GWG
> 1. Consent Request For One Month Extension of Fact Discovery;
> 2. Request For Pre-Motion Conference or Intervention in Discovery Issues

Dear Honorable Judge Gorenstein:

Please recall that I, along with my co-counsel Elliot Dolby-Shields, represent Plaintiffs Xavier Roper and William Logan Lockett in the above-referred matter.  Per Your Honor's individual practices, I write today following a November 30, 2016 meet-and-confer with Defendants' Counsel to request, with Defendants' consent, a one (1) month extension of the fact discovery period in this matter, from its present closing date of December 23, 2016, to a new proposed closing date of January 23, 2016, and additionally for intervention in certain discovery issues in this matter.  The parties seek this enlargement of the fact discovery period in light of the still-pending motion to dismiss in this matter, and the disputes with respect to Plaintiff's discovery requests to Defendants at issue herein, which have delayed commencement of deposition practice in this case.  This is the first request for an extension of discovery herein.

Plaintiffs served interrogatories and document demands on Defendants on September 26, 2016.  After a motion to stay discovery, denied by Judge Torres, Defendants served purported

responses, with no documents attached, on October 27, 2016.  A disc of internet videos was produced by Defendants the following week.  Plaintiffs prepared a deficiency letter to Defendants and sent it to Defendants on November 4, 2016.  After seeking additional time to respond, Defendants responded with a letter, and certain limited personnel records for Defendants, which had been owed to Plaintiffs under the provisions of Local Rule 83.10 since before the commencement of formal discovery in this matter.  Defendants' additional production did not satisfy Plaintiffs' concerns, and after several reschedulings, a meet and confer was held between all three (3) Counsel for the parties on November 30, 2016 for approximately twenty (20) minutes.  While this discussion was cordial and courteous, various issues in Defendants' production were not amenable to negotiated resolution, and it was agreed that Court intervention should be sought with respect to the matters set forth below.

Plaintiffs seek Court intervention 1) to compel Defendants to respond to Plaintiffs' document requests for policy and training documents; 2) to compel production of additional personnel and disciplinary records of officers involved in the incident at issue herein; 3) to compel Defendants to produce a privilege log for any materials withheld on grounds of privilege; and 4) to compel meaningful response to Plaintiffs' interrogatory which Defendants declined to answer on what Plaintiffs believe to be an improper assertion of privilege.

In their responses to Plaintiffs' document demands, Defendants have declined to provide responsive materials to various demands for policy and training materials relevant to the mass protest arrests undertaken on the evening of the Plaintiffs' arrests.  In support of their refusal to comply with their discovery obligations in this matter, Defendants claim that they will, at some unspecified future point, move to bifurcate *Monell* discovery in this matter.  On the same dubious prospective basis, Defendants have declined to provide Plaintiffs with various personnel

records showing the individual officers who were present for the Plaintiffs' arrests, and any past misconduct committed by same.  These materials are all relevant and appropriate to the needs of this case. *See Villante* v. *Department of Corr. Of City of N.Y.*, 786 F.2d 516 (2d Cir. 1986) (discovery calculated to expose knowledge of policymakers required to support *Monell* claim). Information and documentation as to the training of officers and knowledge of shortcomings of training on the part of decision-makers are also certainly relevant and within the scope of a reasonable discovery request. *Amnesty America* v. *Town of West Hartford*, 361 F.3d 113 (2d Cir. 2004); *see also, Carmona* v. *Toledo*, 215 F.3d 124, 135 (1st Cir. 2000) ("[I]nformation as to training received by the officers is obviously germane to the failure to train claim against the supervisors.").

In mass arrest cases such as this, where decisions to arrest numerous individuals may be made in haste, and where official turnover arrest procedures may be elided over or entirely disregarded, the identities and histories of police officers who were present are of critical relevance to Plaintiffs' theory of the case.  Plaintiffs are entitled to these sought materials, and Defendants should produce these records to allow for the identification of all proper parties within the statute of limitations, and in order to allow for orderly and efficient planning of depositions.

Defendants have not provided a basis for Plaintiffs, or this Honorable Court, to conclude that this refusal to comply with discovery demands and promised future motion is anything but a means to avoid discovery; Defendants simply make unsupported, conclusory assertions of burden, and have not made any showing that providing the sought discovery would prejudice them in any way or multiply proceedings in this matter, except to the extent that Defendants choose to do so through motion practice.  Defendants have presently filed a motion to dismiss in

this action, and have applied in person to Your Honor and via motion to Honorable Judge Torres for a stay of discovery herein; it cannot be said that Defendants are hesitant to initiate motion practice in this matter.

It is well-settled in the Southern District of New York that "a court may order separate trials in order to 1) avoid prejudice; 2) provide for convenience; or 3) expedite the proceedings and be economical." *Ricciuti* v. *New York City Transit Authority*, 796 F. Supp. 84  (S.D.N.Y. 1992) (internal citations omitted). Defendants' interest in achieving any of these policy goals of the Court is, at best, questionable in the context of their invocation of bifurcation as a means to avoid discovery obligations. In light of Defendants' failure to actually move to bifurcate discovery, and their presumption in refusing to honor their discovery obligations by anticipating a decision in their favor on an unfiled motion, Plaintiffs respectfully request that this Court direct and compel Defendants to respond to Plaintiffs' *Monell* discovery demands forthwith.

Additionally, while Defendants invoke privilege in response to approximately twenty-six (26) of Plaintiffs' discovery requests, Defendants have repeatedly represented to Plaintiffs that they are withholding no documents on grounds of privilege.  Plaintiffs respectfully submit that by invoking privilege without basis in response to a multitude of discovery requests, and by failing to provide a privilege log in support of any claims of privilege, Defendants have waived any assertions of privilege they may have made to withhold documents in this case.  Plaintiffs respectfully request that this Court direct and compel Defendants to provide a comprehensive privilege log detailing any documents withheld on grounds of privilege, and the reasons for said assertions of privilege, forthwith, and rule that Defendants have waived privilege over any documents or materials not so identified.

Defendants additionally make a puzzling assertion of privilege in response to Plaintiff's interrogatory, seeking, *inter alia*, the identity of any members of the NYPD Legal Bureau who were consulted by supervisory Defendants in connection with the incident giving rise to this action.  Plaintiffs do not dispute that the contents of these consultations may be privileged, but submit that the fact of any such consultation occurring, and the identity or identities of Legal Bureau personnel consulted, could not possibly be subject to privilege, and is appropriate subject matter for an interrogatory.  Your Correspondent has another matter where an NYPD supervisor conferred with Legal Bureau personnel, and eventually testified that he entirely relied on advice of counsel in taking the enforcement action at issue in that case, causing Honorable Judge Woods to hold that privilege had been waived in that instance, and to compel both the supervisor and Legal Bureau attorney at issue to testify as to their conversations around the incident in that case.  *See Gersbacher* v. *City of New York*, 14cv7600 (GHW), Docket No. 60.  Plaintiffs respectfully submit that Defendants have no basis for withholding this information, which may prove exceedingly relevant in this case, where supervisory NYPD Defendants have been recorded ordering indiscriminate arrests in the vicinity of a Plaintiff, and where one of the Plaintiffs was prosecuted on the sworn allegations of another NYPD supervisory defendant.

The issues noted briefly above, taken together, lead Plaintiffs to question Defendants' diligence in complying with their discovery obligations in this matter.  Plaintiffs respectfully request that this Honorable Court compel Defendants to comply with Plaintiffs' discovery requests in full as stated above, or, in the alternative, for a motion schedule to challenge Defendants' assertions of privilege, and to compel Defendants to detail the efforts that they have made in discovery in this matter so that the Court may assess whether Defendants should be sanctioned for failing to comply with their discovery obligations, and to further compel the

production of additional responsive personnel records and policy documents which Plaintiffs believe to exist and to be responsive in this matter.

Thank you for your time and consideration.  Please do not hesitate to have your clerk contact us with any questions or concerns.

I remain,

Very Truly Yours,

~//s//~
Samuel B. Cohen, Esq.

cc:  (via ECF)
Elissa Fudim, Esq.
New York City Law Department
Counsel for Defendants